```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| HAJES RABAIA, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | |
| v. | Civil Action<br>No. 15-4809 (JBS) |
| STATE OF NEW JERSEY, et al., | |
| Respondents. | **MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

Before the Court is Petitioner Hajes Rabaia's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 3).

    1.   Petitioner, a state-sentenced inmate incarcerated at South Woods State Prison, filed an application for writ of habeas corpus under 28 U.S.C. § 2254, on June 17, 2015. (Docket Entry 1).

    2.   By Order dated July 13, 2015, this Court administratively terminated the petition for failure to submit the filing fee or a complete application to proceed *in forma pauperis*, as well as for failure to use the form provided by the Clerk for § 2254 petitions. (Docket Entry 2).

    3.   Petitioner submitted an amended petition for habeas corpus and the filing fee, (Docket Entry 3), and the Clerk

reopened the matter for the Court's consideration on August 11, 2015.

    4.    Section 2254(a) of Title 28 provides in relevant part:

> (a) [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

    5.    Habeas Rule 4 requires the assigned judge to *sua sponte* dismiss a habeas petition or application without ordering a responsive pleading under certain circumstances:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner...

28 U.S.C. § 2254 Rule 4.

    6.    Habeas Rule 2 provides in relevant part:

> (c) Form. The petition must:
>
> (1) specify all the grounds for relief available to the petitioner;
>
> (2) state the facts supporting each ground;
>
> (3) state the relief requested;
>
> (4) be printed, typewritten, or legibly handwritten; and
>
> (5) be signed under penalty of perjury ...

28 U.S.C. § 2254 Rule 2(c).

7. The Supreme Court explained the habeas pleading requirements as follows:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Habeas Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." *See also* Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important...."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted))....
>
> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition ... that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading.

*Mayle v. Felix*, 545 U.S. 644, 655 (2005).

8. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). The United States Court of Appeals for the Third Circuit has found summary dismissal without the filing of an answer warranted where none of the grounds alleged in the petition would entitle the

3

petitioner to habeas relief, *see United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000), or the petition contains vague and conclusory allegations, *see United States v. Dawson*, 857 F.2d 923, 928 (3d Cir. 1988).

9. Petitioner raises two grounds for relief. The first ground, entitled "ineffective assistance of counsel," merely asserts: "Counsel failed to obtain evidence that would have supported my version of events that happened, Failed to call supporting witnesses." (Docket Entry 3 at 6). The second ground, entitled "Extended term was improperly admitted," reads in its entirety: "There was not enough evidence in my record to say I was a repeat offender, the crime at hand was only a second degree." (Docket Entry 3 at 8).

10. Petitioner's assertions of errors by trial counsel and the trial court are too vague to proceed as pled. The Petition presently before this Court will therefore be dismissed, pursuant to Habeas Rules 2 and 4, without prejudice, as Petitioner has failed to plead with particularity the facts supporting his claims of constitutional error, as required by Rule 2(c)(2); *see also* Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471.

11. Ground One, labeled ineffective assistance of counsel, fails to set forth grounds for relief. Generally, a claim for ineffective assistance of counsel requires demonstrating two

4

prongs: first, that counsel's performance failed to meet the minimum level of reasonableness required by the circumstances, and second, that the deficiency mattered, that is, that the outcome would have been different but for counsel's inadequacy. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Here, Petitioner has not supplied any basis for either required prong to be met.

12. Ground Two is also deficient as it does not specify each federal ground on which the extended term is being contested, as required by Habeas Rule 2(c)(1). Petitioner also does not indicate what his prior record was and why it was deficient to meet the statutory standard.

13. The dismissal of the Petition is without prejudice to the filing of a new petition which complies with the aforesaid pleading requirements and is on the form provided by the Clerk.

14. Any amended petition must provide specific facts that support Petitioner's claims for relief, including, but not limited to, what the exculpatory evidence was, how it would have supported his defense, and why counsel's failure to obtain it constituted ineffective assistance of counsel.

15. A certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) is denied because jurists of reason would not find it debatable that dismissal of the Petition is correct. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

16.   An appropriate Order accompanies this Opinion.

 **August 31, 2015**                           **s/ Jerome B. Simandle**
Date                                            JEROME B. SIMANDLE
                                                Chief U.S. District Judge